### WILKESBARRE REALTY CO. v. HALL.

(Supreme Court, Appellate Term.  January 5, 1911.)

**1. Courts (§ 189\*)—Default—Conditions on Opening Default.**
> Under Municipal Court Act (Laws 1902, c. 580) § 256, providing that as a condition for opening any default the court may order defendant to deposit the amount of the judgment with the clerk, the Municipal Court, as a condition precedent to opening a default, may require defendant to deposit the amount of the judgment, though such a requirement is a hardship upon defendant.
>
> [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.\*]

**2. Courts (§ 190\*)—Decisions Reviewable—Order Opening a Default.**
> Under Municipal Court Act (Laws 1902, c. 580) § 257, providing that an appeal will not lie in the first instance from an order opening a default, an appeal will not lie from so much of an order opening a default as requires defendant, as a condition to opening the default, to deposit the amount of the judgment.
>
> [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.\*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Wilkesbarre Realty Company against Mabel G. Hall. From so much of an order opening her default as makes the deposit of the amount of the judgment a condition for opening the default, defendant appeals.  Appeal dismissed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Gray & Hiscox, for appellant.
Ernst, Lowenstein & Cane, for respondent.

PER CURIAM.  The defendant appeals from so much of an order opening her default in the Municipal Court as "provides that the motion to open her default should be denied in the event that the amount of the judgment is not deposited" in the Municipal Court.

This court has held that by virtue of the provisions of section 256 of the Municipal Court act (Laws 1902, c. 580) the court may, upon an application to open a default, require the defendant either to give an undertaking or deposit the amount of the judgment.  Clement v. White's Express Co., 120 N. Y. Supp. 752.

The court in the case at bar did simply what the Municipal Court act gave it authority to do, and the claim that it was an unjust requirement and a hardship imposed upon the defendant has no legal force. The appeal is from an order opening a default, which is not appealable. Section 257, Municipal Court Act.

Appeal dismissed, with $10 costs.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes